HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>DALIA IVETTE SINGH,<br><br>        Defendant. | CASE NO. CR15-335 RAJ<br><br>ORDER |

       This matter comes before the Court on Ariel Juarez Gaspar's and Josue Carlos Gomez Rodriguez's (collectively, "Intervenors") Motion for U-Visa Certification.  Dkt. # 40.  The Government opposes certification.  Dkt. # 41.

       The Intervenors are victims.  From approximately 2008 to 2011, Dalia Singh defrauded a host of immigrants without legal status by promising that, for a fee, she could obtain legal documents that would allow them to legally remain in this country.  But Singh was never in a position to make such promises and instead pocketed the money and fled.  Immigrant and Customs Enforcement agents apprehended Singh and she pled guilty to Wire Fraud.  The Intervenors provided valuable information in the form of victim impact letters that aided in sentencing Singh, and they were recipients of portions of the restitution that this Court ordered Singh to pay to her victims.

Intervenors now move for U-Visa Certification based on 8 C.F.R. § 214.14. Such certification requires the Court to state, among other things, that "the applicant has been a victim of a qualifying criminal activity that the certifying official's agency is investigating or prosecuting." 8 C.F.R. § 214.14(c)(2)(i). Intervenors argue that they are victims of witness tampering, blackmail, witness intimidation, and extortion. *See* Dkt. ## 40 at pp. 6-7; 42 at p. 5. Though these may be qualifying crimes within the statute, the Court finds that Intervenors did not meet their burden to prove that they are victims of such crimes.

The Complaint for Violation in this matter asserts that when Singh's initial victims, J.T. and M.F., demanded she return their money, Singh threatened to report J.T. and M.F. to immigration and have them deported. Dkt. # 1 at p. 8. However, there is no evidence linking J.T. and M.F. to the Intervenors. In their motion, Intervenors suggest that Singh's threats were relayed through third parties associated with the Intervenors' church membership. Dkt. # 40 at p. 9. But Intervenors present no evidence linking J.T. and M.F. to a single member of Intervenors' church. The Court cannot conclude that Singh threatened Intervenors, directly or indirectly. Therefore, the Court finds that Intervenors have not shown that they are victims of a qualifying crime such that the Court may certify the U-Visas.

//

//

//

//

//

1       The Court is cognizant of the risks that Intervenors undertook when agreeing to
2  aid in Singh's sentencing.  Mr. Juarez bravely told this Court that he is "afraid that
3  immigration will learn of all the victims of this case and deport us, because of Ms.
4  Singh's deceitful practices. . . . I worry that my involvement in this case will lead to
5  being deported."  Dkt. # 40-1 (Victim Impact Statement) at p. 51.  The Intervenors'
6  actions in this matter have been courageous.  The Court sincerely hopes that Intervenors
7  will receive assistance elsewhere, "specifically with the agencies who in fact were
8  responsible for detecting, investigating, and prosecuting any qualifying crimes: the
9  United States Attorney's Office and, most significantly, Immigration and Customs
10 Enforcement's Office of Professional Responsibility."  Dkt. # 41 at p. 8.

       Dated this the 21st day of March, 2017.

*[Signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge